Yang v. Lynch

BIA
Poczter, IJ
A205 430 715

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand fifteen.

PRESENT:
>        JON O. NEWMAN,
>        RICHARD C. WESLEY,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

MEI YANG,
>        *Petitioner,*

>        v.                                    14-2294
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; S. Nicole Nardone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mei Yang, a native and citizen of the People's Republic of China, seeks review of a June 9, 2014, decision of the BIA affirming the October 21, 2013, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Mei Yang*, No. A205 430 715 (B.I.A. June 9, 2014), *aff'g* No. A205 430 715 (Immig. Ct. N.Y.C. Oct. 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Yang's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of

2

the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such" a ruling. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

In denying relief, the agency reasonably based its adverse credibility determination on inconsistencies between Yang's testimony and record evidence regarding her alleged forced abortion—the crux of her asylum claim. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295-96 (2d Cir. 2006) (per curiam). Yang testified that she was forced to have an abortion by Chinese authorities on June 25, 2010, but her medical records showed that she told her doctor in December 2011 that she had a voluntary abortion one year earlier, *i.e.*, in December 2010, not June 2010.

3

Although a forced abortion in June 2010 could have been followed by a voluntary abortion in December 2010, Yang testified that the abortion that she said occurred in June 2010 is the same one that she told her doctor occurred in December 2010:

"Q. Did you tell the doctor that you had an abortion in December 2010?

"A. Yes.

"Q. But your story here in Court was that you had an abortion I believe in May[1] of 2010. Isn't that correct?

"A. Yes.

"Q. Why would you tell the doctor that you had an abortion in December 2011? That doesn't make any sense.

"A. Because at that time I was not very paying attention answering doctor's questions. Also, they [sic] date for me is very sensitive, so I changed the date and told him differently."
ROA 124.

The agency was not required to credit her explanation for this inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

---

1. The questioner obviously meant "June," the month Yang had stated.

4

The agency also reasonably relied on discrepancies regarding when Yang allegedly entered the United States. Yang testified that she entered the United States on August 8, 2011, but her medical records showed that she told her doctor at an August 2011 appointment that she entered the United States five months earlier. The agency reasonably relied further on Yang's failure to mention, until confronted with her medical records, that she visited a doctor the day that she arrived in the United States. The agency was not required to credit her explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80-81.

Having questioned Yang's credibility, the agency reasonably determined that her corroborating evidence failed to rehabilitate her incredible testimony. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The agency reasonably gave diminished weight to a letter from Yang's mother because she was an interested witness not

5

subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from the alien's friends and family were insufficient to provide substantial support for the alien's claims because they were interested witnesses not subject to cross-examination (citations omitted)), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). The agency also gave limited weight to an abortion certificate because it had not been authenticated, and showed only that Yang had an abortion, not that it was forced. Yang argues that she did not have to authenticate the abortion certificate. However, even assuming that she was not required to authenticate the document, the fact remains that the abortion certificate did not state that her abortion had been forced, and therefore could not rehabilitate her incredible testimony on that issue. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

Given the inconsistency and corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse

6

credibility determination is dispositive of asylum, withholding of removal, and CAT relief, as the claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Because the agency's adverse credibility determination is dispositive of all forms of relief, the Court need not reach the agency's alternative basis for denying Yang's asylum claim — her failure to timely file her asylum application.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Yang's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7